934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Preston SMITH, Plaintiff-Appellant,
v.
Edward MURRAY, Director, David Garraghty, Warden,
Defendants-Appellees.
 No. 90-7142.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 20, 1990.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-90-332-3)
 James Preston Smith, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Preston Smith appeals the district court's dismissal without prejudice of Smith's 42 U.S.C. Sec. 1983 action for failure to demonstrate administrative exhaustion. While it was not clear from the record as it existed prior to the dismissal of the action, and while Smith did not comply with the district court's order that he demonstrate exhaustion, Smith correctly stated in his notice of appeal that he in fact had exhausted his claim, as we previously determined in Smith v. Murray, No. 90-6036 (4th Cir. Apr. 16, 1990) (unpublished).[1] Technically, Smith did not demonstrate exhaustion of his claim by, for instance, identifying with specificity our earlier opinion. Nonetheless, in the interest of judicial economy, we remand to the district court for consideration of the merits of the claim that certain radio equipment was improperly confiscated upon Smith's arrival at Nottaway Correctional Center.
 
 
 2
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 3
 VACATED AND REMANDED.
 
 
 
 [1]
 Smith said in his complaint simply that he had exhausted his claim and referenced an unspecified ruling from the "Court of Appeals April 16, 1990" as proof of exhaustion